IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BUGGZ IRONMAN-WHITECOW, aka KIM ALLEN NORQUAY, JR., <br><br>Petitioner, <br><br>vs. <br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br>Respondents. | Cause No. CV 21-119-GF-DWM <br><br><br>ORDER |

On December 2, 2021, Petitioner Ironman-Whitecow ("Whitecow") filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.

## I. Request to Stay Federal Petition

Noting that the trial court denied his petition for postconviction relief on October 1, 2021, Whitecow asked this Court to stay his federal petition and hold it in abeyance pending the Montana Supreme Court's resolution of his appeal of the trial court's decision. *See* Pet. (Doc. 1) at 2 ¶ 2, 4 ¶ 10, 7 ¶ 16; *Norquay v. State*, No. DA 21-0582 (Mont. filed Nov. 18, 2021). The opening brief in that appeal has not yet been filed.

1

A district court has discretion to stay a federal habeas petition if the petitioner has good cause for failing to exhaust his state-court remedies before filing, at least one unexhausted claim may have merit, and the petitioner is not intentionally dilatory. *See Rhines v. Weber*, 544 U.S. 269, 276, 278 (2005); *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016). A stay must not, however, inordinately delay resolution of the federal petition or reduce a petitioner's incentive to exhaust his state remedies before filing in federal court. *See Rhines*, 544 U.S. at 277.

Good cause may arise, for example, when the petitioner has reason to believe a state court will find an application for state post-conviction or other collateral review was not "properly filed." 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005). Good cause may arise when a petitioner discovers, in the course of the federal proceedings, evidence that did not exist or that could not have been discovered in the course of the state proceedings. *See, e.g.*, *Quezada v. Scribner*, 611 F.3d 1165, 1168 (9th Cir. 2010) (per curiam). Other facts may also support good cause.

Whitecow offered no reason to believe the Montana Supreme Court might find his postconviction petition was not properly filed on May 23, 2012, or was not pending continuously since then. *See, e.g.*, *Zepeda v. Walker*, 581 F.3d 1013, 1016, 1018–19 (9th Cir. 2009). And he did not explain why he could not await completion of his state postconviction appeal before filing his federal petition.

2

After explaining these precepts, the Court gave Whitecow an opportunity to show good cause for a stay. *See* Order (Doc. 5) at 2–3. Whitecow failed to respond.

Whitecow is pursuing a typical round of state postconviction relief under Montana law. Notably, *Rhines* considered whether a stay is permissible to allow a petitioner to "return to state court" to present unexhausted claims. *See Rhines*, 544 U.S. at 272–73, 274–75; *Rose v. Lundy*, 455 U.S. 509, 522 (1982). But Whitecow has not yet left state court. In other cases, petitioners have filed federal petitions in the usual course, after completing one full round of direct and collateral review. Then they discover new claims they wish to add to an amended federal petition but need to exhaust those claims in state court first. That is when they request a stay. *See, e.g.*, *Rhines*, 544 U.S. at 272–73, 279; *Bolin v. Baker*, 994 F.3d 1154, 1155, 1157 (9th Cir. 2021); *Dixon v. Baker*, 847 F.3d 714, 717–18, 720–21 (9th Cir. 2017); *Blake v. Baker*, 745 F.3d 977, 979, 982–83 (9th Cir. 2014). Imposing a stay at the outset of an evidently routine postconviction appeal would "decreas[e] a petitioner's incentive to exhaust all his claims prior to filing his federal petition." *Rhines*, 544 U.S. at 277.

It appears that few days remain in the one-year federal limitations period. Whitecow states that the Montana Supreme Court decided his direct appeal on March 1, 2011, and he filed his postconviction petition in the trial court on May

23, 2012. *See* Pet. (Doc. 1) at 3 ¶¶ 6, 9; 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). But imposing what would likely prove a lengthy stay for this reason would, in effect, extend the limitations period merely because almost all of it ran before Whitecow filed his state postconviction petition in the trial court. That decision alone cannot be "good cause" for a stay. As Whitecow offers no other "legitimate reason" or "reasonable excuse," *Blake*, 745 F.3d at 982, for failing to complete one round of direct and collateral review in state court before filing in this Court, a stay is inappropriate.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez*, 565 U.S. at 140 (quoting *Slack*,

529 U.S. at 484).

The Court has not looked closely at the merits of Whitecow's claims and will assume, for the sake of argument, that he makes a substantial showing that he was deprived of a constitutional right. But Whitecow has not yet completed a single round of postconviction review. He has identified no reason to suppose his postconviction filing will not toll time under § 2244(d)(2). Under these circumstances, reasonable jurists would not find good cause supporting a stay.

Accordingly, IT IS ORDERED:

1. The petition (Doc. 1) is DISMISSED without prejudice for failure to exhaust state remedies before filing.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Whitecow files a notice of appeal.

3. The clerk shall enter, by separate document, a judgment of dismissal without prejudice.

DATED this __8th__ day of March, 2022.

_____  19:20 PM
Donald W. Molloy
United States District Court